NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001304
15-DEC-2015
08:13 AM**

NO. CAAP-14-0001304

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SYLVIA CABRAL, Plaintiff/Counterclaim-Defendant/Appellant,
v.
PALISADE POINTE ESTATES, INC.,
Defendant/Counterclaim-Plaintiff/Appellee,
and
EDWARD LEE BATES, President, a Georgia corporation,
Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10
and DOE CORPORATIONS 1-10, Defendants,
and
GREAT AMERICAN HOTELS AND RESORTS, INC., Intervenor/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 03-1-0212)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Plaintiff/Counterclaim-Defendant/Appellant pro se
Sylvia Cabral (**Cabral**) appeals from the (1) "Order Denying
Plaintiff's Motion for Reconsideration; Writ of Stay Injunction;
Lis Pendens; Service by Fax or Email, Filed on 8-18-14 and
Amended Motion for Reconsideration; Request for Notice of
Pendency of Action; Lis Pendens; Injunction; Request for Notice
by Fax or Email, Filed on 9-12-14," entered on October 28, 2014,
and (2) "Order Granting Defendants' Motion to Enforce Settlement
Agreement and Dismiss All Claims with Prejudice" (**Settlement**

**Agreement Order**), entered on September 4, 2014, in the Circuit Court of the Second Circuit[1] (**circuit court**).

On appeal, Cabral argues that the circuit court erred in (1) removing the lis pendens and (2) interpreting the terms of the settlement agreement between Cabral, Defendant/Counterclaim-Plaintiff/Appellee Palisade Pointe Estates, Inc. (**Palisade Pointe**), and Intervenor/Appellee Great American Hotels and Resorts, Inc. (**Great American**) as binding upon Cabral.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Cabral's appeal is without merit.

Cabral challenges the circuit court's denial of her "Motion for Reconsideration; Writ Stay Injunction; Lis Pendens" (**Motion for Reconsideration**) and argues that the circuit court erred in removing her lis pendens. Cabral's Motion for Reconsideration, however, provided no discernible lis pendens argument for the circuit court to consider. Therefore, the circuit court did not err in denying the motion. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.").

Cabral also challenges the circuit court's Settlement Agreement Order. Cabral appears to argue that the circuit court erred in determining the settlement agreement was binding on Cabral because not all of the conditions of the agreement had been met.

Palisade Pointe and Great American attached a copy of the settlement agreement to their "Motion to Enforce Settlement Agreement and Dismiss All Claims with Prejudice" (**Motion to Enforce Settlement Agreement**). The settlement agreement provided, inter alia:

> 1. [Cabral] will have 90 days after acceptance, confirming that the title to the Properties is good and

---

[1]    The Honorable Joseph E. Cardoza presided.

marketable and insurable and clear and without encumbrances, to raise the sum of $430,000.00 in cash and to pay that money to Palisade.

2. At the same time that Palisade receives the $430,000.00, it and Great American will deed the Properties to [Cabral] or her assignee, and that transaction will go through escrow if any party requests an escrow.

. . . .

6. If [Cabral] comes to [Palisade Pointe] and Great American for an extension of this Agreement, stating good cause, [Palisade Pointe] and Great American will consider an extension.

7. When the option is exercised or at the exhaustion of the 90 day period, or after any extension, the case, Cabral v. Palisade and Edward Bates, Civil No. 03-1-0212, will be dismissed with prejudice, and no party will appeal from that dismissal, and each party will pay her and its own costs and fees.

The settlement agreement was dated and signed by Cabral; Palisade Pointe's president, Edward Bates; and Great American's president, James B. Salmon.

Cabral's "Answer to the Motion to Enforce Settlement Agreement" failed to present any facts or legal arguments that challenge the enforcibility of the settlement agreement. Additionally, Cabral did not dispute in her response to the Motion to Enforce Settlement Agreement, and does not dispute on appeal, that she (1) failed to exercise her option to purchase the property within 90-days and (2) did not request an extension of time during the 90-day period.

Based on the record before us, the settlement agreement was enforceable against Cabral and Cabral was bound to the agreement's provisions. See Sylvester v. Animal Emergency Clinic of Oahu, 72 Haw. 560, 570-71, 825 P.2d 1053, 1058-59 (1992). Accordingly, the circuit court did not err in granting the Motion to Enforce Settlement Agreement nor did the circuit court err in dismissing all of Cabral's claims.

Therefore,

IT IS HEREBY ORDERED that (1) the "Order Denying Plaintiff's Motion for Reconsideration; Writ of Stay Injunction; Lis Pendens; Service by Fax or Email, Filed on 8-18-14 and Amended Motion for Reconsideration; Request for Notice of

Pendency of Action; Lis Pendens; Injunction; Request for Notice by Fax or Email, Filed on 9-12-14," entered on October 28, 2014, and (2) the "Order Granting Defendants' Motion to Enforce Settlement Agreement and Dismiss All Claims with Prejudice," entered on September 4, 2014, in the Circuit Court of the Second Circuit are affirmed.

DATED: Honolulu, Hawai'i, December 15, 2015.

On the briefs:

Sylvia Cabral,
Plaintiff/Counterclaim-
Defendant/Appellant pro se.

Matson Kelley
for Palisade Pointe Estates,
Inc., Defendant/Counterclaim-
Plaintiff/Appellee and Edward
Lee Bates, President, a
Georgia corporation,
Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4